**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HEDIN HALL LLP**
Frank S. Hedin, Esq. (291289)
fhedin@hedinhall.com
David W. Hall, Esq. (274921)
dhall@hedinhall.com
Four Embarcadero Center, Suite 1400
San Francisco, CA 94104
Telephone: (415) 766-3534
Facsimile: (415) 402-0058

Attorneys for Plaintiff,
Amanda Hill

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **AMANDA HILL, Individually and On Behalf of All Others Similarly Situated,** | Case No.: |
| | **CLASS ACTION** |
| **Plaintiff,** | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF PURSUANT TO CALIFORNIA PENAL CODE SECTION 630, *ET SEQ*.** |
| **v.** | |
| **LEAD INTELLIGENCE, INC. D/B/A JORNAYA,** | |
| **Defendant.** | **JURY TRIAL DEMANDED** |

### INTRODUCTION

1.      Californians have a constitutional right to privacy. The California State Legislature passed the California Invasion of Privacy Act ("CIPA") in 1967 to protect the right of privacy of the people of California, replacing prior laws which permitted the recording of telephone conversations with the consent of one party to the conversation. California Penal Code §§ 631 and 632 prohibit the unauthorized recording and wiretapping of communications without the consent of all parties.

2.      The California Supreme Court has definitively linked the constitutionally protected right to privacy with the purpose, intent, and specific protections of the California Invasion of Privacy Act, including Penal Code § 632. As the California Supreme Court has stated, "California's explicit constitutional privacy provision (Cal. Const., art. I, § 1) was enacted in part specifically to protect Californians from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy." *Kearny v. Salomon Smith Barney, Inc.* (2006) 39 Cal. 4th 95, 39-40.

3.      Plaintiff AMANDA HILL ("Ms. Hill," or "Plaintiff"), individually and on behalf of all other similarly situated California residents ("Class Members"), brings this action for damages and injunctive relief against Defendant LEAD INTELLIGENCE, INC. D/B/A JORNAYA ("Jornaya" or "Defendant"), for Defendant's unauthorized and illegal wiretapping and recording of communications with Plaintiff without any notification or warning to Plaintiff or the Class Members, causing Plaintiff and Class Members damages.

4.      Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5.      Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

6.      Unless otherwise indicated, the use of Defendant's name in this

Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

### JURISDICTION AND VENUE

7.      Jurisdiction is proper under 28 U.S.C. § 1332(d)(2)(A) because Plaintiff is a resident of the State of California, and therefore is a citizen of a state different from Defendant, a company incorporated in Delaware, with its principal place of business in Pennsylvania. Plaintiff also seeks the greater of statutory damages of $5,000 per violation or three times actual damages per violation, pursuant to Penal Code 637.2(a), which when aggregated among a proposed class number in the thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

8.      Personal jurisdiction and venue are proper because Plaintiff has at all times alleged here resided in California and within this District, and because Defendant invaded Plaintiff's privacy within California (and within this District) by surreptitiously intercepting, monitoring, and recording (in real time) the information that Plaintiff, while physically present in the County of Riverside in the State of California, had inputted and communicated to another party on the website YourVASurvey.info, such that the claims alleged herein arose in substantial part from conduct committed by Defendant in California. Moreover, Defendant knowingly invaded Plaintiff's privacy from within California because the IP address of the device used by Plaintiff to access the YourVASurvey.info website and to input and communicate information on that website was assigned an IP address that corresponded exclusively to geographic locations within the State of California (and specifically within this District).

## PARTIES

9.     Plaintiff is an individual residing in the County of Riverside, State of California.

10.     Defendant is a Delaware corporation, with its principal place of business in Pennsylvania located at 101 E Hector St, Conshohocken, PA 19428.

11.     Defendant is in the business of providing lead data and lead-verification services to online companies, including by recording consumers' electronic communications on third-party companies' websites, such as, for example, by recording consumers' keystrokes in real time as they input information into fields on web-based forms on third-party websites.

12.     Defendant has a policy and practice of wiretapping and recording the electronic communications of consumers who reside in California, as these consumers input information into fields on web-based forms from within California.

13.     Defendant installs wiretapping and recording software into third-party websites and, unbeknownst to the consumers who visit these websites, uses the software it has installed to surreptitiously record the confidential communications of the websites' visitors, including California residents who visit these websites from within California.

## FACTUAL ALLEGATIONS

14.     At all times relevant, Plaintiff is an individual residing within the State of California.

15.     On or about October 10, 2018, and while Plaintiff physically present at her residence in the County of Riverside, State of California, Plaintiff used her mobile device to visit an online mortgage lending website, YourVASurvey.info, owned and operated by third-party LMB Mortgage Services, Inc., d/b/a LowerMyBills.com ("LMB"), for the purpose of obtaining an estimate on a home mortgage loan.

16.     While on the YourVASurvey.info website, Plaintiff navigated through several webpages, all part of the same intake form, each of which contained form fields into which Plaintiff was prompted to type personal information and credit history information using Plaintiff's mobile phone's keyboard.

17.     After inputting the information requested on a particular page of the intake form, Plaintiff was prompted to press a button to continue to the next page of the form.

18.     Said form fields required Plaintiff to enter highly sensitive and confidential personal and financial information, including but not limited to:

- the estimated value of Plaintiff's home;
- the interest rate on Plaintiff's current home loan;
- Plaintiff's remaining mortgage balance;
- Plaintiff's home address;
- Plaintiff's credit score;
- Plaintiff's employment status;
- Plaintiff's email address; and,
- Plaintiff's phone number.

19.     Plaintiff inputted much of this requested personal information and credit history information.

20.     The final page of the intake form contained, in addition to several additional form fields, a final submission button at the bottom of the page, which Plaintiff was prompted to press to submit all of the information that she had provided in the form fields on the various webpages that she had just previously navigated through.

21.     Plaintiff did not press the button on the final page of the intake form to submit the information she had inputted to the Defendant.

22.     Plaintiff believed at all times during her visit to the YourVASurvey.info website that the confidential information she was inputting

into the page would only be communicated to the site's owner and operator, LMB.

23. Regardless of whether Plaintiff pressed the submit button or not, Plaintiff had no reason to believe that any of her personal information would be intercepted, monitored, or recorded by Defendant or any other third-parties undisclosed to her by LMB.

24. Rather, even if she pressed the button (which she did not do), Plaintiff believed that only LMB and any other entities disclosed to her as recipients of her information by LMB would be able to intercept, monitor, or record Plaintiff's personal information entered on the YourVASurvey.info website.

25. Unbeknownst to Plaintiff, Defendant intercepted, monitored, and recorded in real time (and thereafter permanently stored) the personal and highly sensitive financial information that Plaintiff inputted as she navigated through the various pages of the YourVASurvey.info website.

26. Defendant's undisclosed and unauthorized wiretapping and/or unauthorized connection was made by Defendant in order to obtain the contents or meaning of Plaintiff's real time communications.

27. Defendant was intercepting, monitoring, and recording Plaintiff's highly sensitive financial information while Plaintiff's communications, in the form of Plaintiff's clicks and keyboard strokes, were being transmitted to LMB and while Plaintiff navigated through the various pages of the YourVASurvey.info website.

28. At the time she inputted her information into the form fields on the YourVASurvey.info website, Plaintiff had not been informed or notified in any way, and Plaintiff had no reason to believe, that Defendant was intercepting, monitoring, or recording in real time (and thereafter permanently storing) the information as Plaintiff inputted it into the form fields on the YourVASurvey.info website.

29. The YourVASurvey.info website lacked any clear or conspicuous disclosure language or disclaimer statement to notify Plaintiff in advance of

Defendant's interception, monitoring, or recording of her communications while interacting on the website.

30.     Sometime subsequent to the visit of the website, Plaintiff learned that Defendant has a practice of electronically recording Plaintiff's information and communications input on the website for YourVASurvey.info.

31.     For the past several years, Defendant has systematically and uniformly monitored, intercepted, and recorded the communications of California residents on various third-party websites equipped with Defendant's intrusive spyware.

32.     Defendant engaged in these practices without notifying any of these California consumers in advance that their confidential communications were being intercepted, monitored, or recorded by the Defendant, and without obtaining any of their consent to be subjected to such practices by the Defendant.

33.     Specifically, Defendant willfully employed and/or caused to be employed certain wiretapping and recording software, equipment, and related technology that it had embedded into the code of various third-party websites, and which Defendant used to surreptitiously intercept, monitor, and record (and thereafter permanently store) Plaintiff's communications, including Plaintiff's keystrokes, mouse clicks, and form field entries, without Plaintiff's knowledge or consent (hereinafter, the "Spyware Apparatus"), thereby invading Plaintiff's privacy and directly violating California Penal Code §§ 631 & 632.

34.     Defendant's Spyware Apparatus enables Defendant to secretly intercept, monitor, and record, in real time, the keystrokes, mouse clicks, and other confidential communications of consumers who visit these websites regardless of whether the consumer ultimately submits the form fields or survey to the website.

35.     The moment a consumer visits a webpage where Defendant's Spyware Apparatus is installed, a unique identifier known as a LeadiD is generated, which allows Defendant to secretly intercept, monitor, record, and store, in real time, the interactions of consumers as they navigate through the webpage.

36.     Immediately after, a LeadiD certificate is generated and stored by Defendant, along with a recorded video of the consumer's entire journey and interaction with the webpage.

37.     During Plaintiff's October 10, 2018 visit to the YourVASurvey.info website, Defendant generated and stored a LeadiD certificate and replay video reflecting Plaintiff's entire interaction with the website, including all of Plaintiff's clicks and keyboard strokes.

38.     Defendant's practices of secretly intercepting, monitoring, and/or recording confidential communications via its Spyware Apparatus violates Cal. Penal Code section 630, *et seq*., including without limitation California Penal Code §§ 631 and 632.

39.     Defendant has violated and continues to violate California Penal Code §§ 631 and 632 by impermissibly using its Spyware Apparatus to wiretap and record the confidential communications of California residents that occur from within the State of California, without the consent of these individuals.

40.     At the time she interacted with the YourVASurvey.info website on or about October 10, 2018, Plaintiff had no reason to suspect, and had no reasonable way of discovering, that Defendant's Spyware Apparatus was being employed by Defendant on the YourVASurvey.info website to intercept, monitor, and record her confidential communications on that site.

41.      Had Plaintiff known that her communications would be intercepted, monitored, or recorded, Plaintiff would not have communicated any of her personal or financial information into the form fields on the YourVASurvey.info website, and certainly never would have consented to Defendant's surreptitious wiretapping of any of her information inputted on that website.

42.     Defendant's use of its clandestine Spyware Apparatus to engage in the recording practices described herein was and still is highly offensive to Plaintiff.

43.     Because there was no warning that Plaintiff's confidential

communications would be intercepted, monitored, or recorded in real time, as she inputted it, Plaintiff had a reasonable expectation that her communications would remain private and confidential unless and until she pressed the submit button on the final page of the YourVASurvey.info website – which she did not do – and that even if she did press the submission button, that her submitted information would be kept confidential by LMB except with respect to any entities (such as potential lenders) disclosed by LMB on that page as authorized recipients of any information she submitted.

44. Defendant's intercepting, monitoring, and recording of Plaintiff's confidential communications without her consent is highly offensive to Plaintiff and would be highly offensive to any reasonable person, including all of the members of the proposed Class.

45. Defendant's intercepting, monitoring, and recording of Plaintiff's communications on the YourVASurvey.info website without her knowledge or consent caused harm and damage to Plaintiff as these practices were invasive of her privacy and resulted in a loss of value in her confidential personally identifiable information. Prior to or during the visit to the website YourVASurvey.info, Plaintiff was never informed that the confidential information communicated by her into the form fields on that website were being intercepted, monitored, or recorded in real time. At no time during Plaintiff's interactions and communications on said mortgage lending website did Plaintiff consent to have her communications intercepted, monitored, and/or recorded by Defendant.

46. Upon information and belief, Plaintiff alleges that during the relevant time period, Defendant has had a uniform policy and practice of systematically intercepting, monitoring, and recording the communications of all consumers who frequent any of the websites equipped with Defendant's Spyware Apparatus. Defendant is in the business of creating software and/or website interfaces (i.e., its Spyware Apparatus) that is used to intercept, monitor, and record confidential

consumer interactions and communications with various websites.

47. Upon information and belief, Plaintiff alleges that during the relevant time period, Defendant has intercepted, monitored, and recorded the private online communications of millions of American consumers, including millions of California residents at the time their communications were intercepted, monitored, and recorded all without the knowledge or consent of any of these individuals, including Plaintiff and all other California residents comprising the proposed Class.

48. Defendant's conduct violated the public's right to privacy, including the rights of Plaintiff and other California residents, and constitutes a violation of California Penal Code § 631 and § 632.

49. Defendant never represented to Plaintiff or any other members of the Class that it would intercept, monitor or record their online communications on the YourVASurvey.info website. To the contrary, Defendant knowingly and intentionally concealed its practices of intercepting, monitoring and recording consumers' communications on the YourVASurvey.info website.

50. Plaintiff first learned of Defendant's use of its Spyware Apparatus to intercept and record her confidential communications on the YourVASurvey.info website (as alleged above) on December 9, 2019, during the discovery process in the action *Hill v. Quicken Loans, Inc.*, No. 5:19-cv-00163-FMO-SP (C.D. Cal.).

51. Plaintiff could not reasonably have discovered the facts giving rise to the claims alleged herein – i.e., Defendant's interception, monitoring, and recording of her confidential communications on the YourVASurvey.info website on October 10, 2018 – until she received documents and other materials that revealed such practices on December 9, 2019, in connection with the discovery process in the *Hill v. Quicken Loans, Inc.* litigation. Consequently, the applicable statute of limitation was tolled for the 445 days between October 10, 2018 (the date on which Plaintiff visited the YourVASurvey.info website) and December 9, 2019 (when Plaintiff first discovered Defendant's use of its Spyware Apparatus to intercept, monitor, and

record her confidential communications on the YourVASurvey.info website).

## CLASS ACTION ALLEGATIONS

52.     Plaintiff brings this action on behalf of Plaintiff and all others similarly situated (the "Class") pursuant to Rules 23(a), (b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure.

53.     Plaintiff represents, and is a member of, the Class, which is defined as follows:

> All persons whose name appears in a 'LeadiD certificate' in Defendant's possession that: (1) was generated in connection with a visit to a third-party website at any time on or after April 14, 2018; (2) identifies the person as having visited the site from California; and (3) is associated with a 'video replay' of the person's interactions on that website.

54.     Plaintiff represents, and is a member of, the Subclass, which is defined as follows:

> All persons whose name appears in a 'LeadiD certificate' in Defendant's possession that: (1) was generated in connection with a visit to the website YourVASurvey.info at any time on or after April 14, 2018; (2)  identifies the person as having visited the site from California; and (3) is associated with a 'video replay' of the person's visit to the YourVASurvey.info website.

55.     The Class and Subclass are jointly referred to as the "Classes."

56.     Excluded from the Classes are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and their legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.

57.     Plaintiffs reserve the right to redefine the Classes, and to add and redefine any additional subclasses as appropriate based on discovery and specific

theories of liability.

58.     The Classes that Plaintiff seeks to represent contains numerous members and is clearly ascertainable including, without limitation, by using Defendant's records to determine the size of the Classes and to determine the identities of individual Class members.

**Numerosity**

59.     The Class and Subclass members are so numerous that joinder of all members would be unfeasible and impractical. The membership of the Class and Subclass are currently unknown to Plaintiffs at this time. However, given that, on information and belief, Defendant wiretapped and recorded the communications of hundreds of thousands of class members throughout California during the proposed class period, including at least thousands of class members who accessed YourVaSurvey.info and millions more who accessed other websites equipped with Defendant's Spyware Apparatus, it is reasonable to presume that the members of the Classes are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

**Commonality**

60.     There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members.  Those common questions of law and fact include, without limitation, the following:

     i.    Whether, within the statutory period Defendant wiretapped any confidential communications with the California members;

    ii.    Whether, within the statutory period Defendant recorded any confidential communications with the California members;

   iii.    Whether Defendant has and continues to have a policy of wiretapping and/or recording communications with Class members made online via website coding or other online surveillance

software;

iv.   Whether Defendant discloses to consumers and/or obtains their consent that their confidential communications are being wiretapped;

v.   Whether Defendant discloses to consumers and/or obtains their consent that their confidential communications are being recorded;

vi.   Whether Defendant's policy or practices of wiretapping and/or recording confidential communications made online via website coding or other online surveillance software constitutes an invasion of privacy, and a violation of California Penal Code §§ 631 and/or 632;

vii.   Whether Defendant should be enjoined from engaging in such conduct in the future; and,

viii.   The appropriate remedies for Defendant's conduct.

**Typicality**

61.   Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class member with whom they are similarly situated, and Plaintiff's claims (or defenses, if any) are typical of all Class members' as demonstrated herein.

62.   Plaintiff represents and is a Class member of the Class and Subclass because Plaintiff's communications were wiretapped and recorded by Defendant, while visiting YourVASurvey.info, without Plaintiff's consent, and Defendant did in fact intercept and record Plaintiff's confidential communications.

63.   Plaintiff and Class members were harmed by the acts of Defendant in at least the following ways: Defendant illegally wiretapped and recorded Plaintiff and Class members by way of their online communications thereby causing Plaintiffs and Class members to have personal and confidential information revealed without notification that their communications were being wiretapped and

recorded and by invading the privacy of Plaintiff and Class members. Plaintiffs and Class members were damaged thereby.

### Adequacy

64. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class member with whom Plaintiff is similarly situated, as demonstrated herein. Plaintiff acknowledges that Plaintiff has an obligation to make known to the Court any relationship, conflicts, or differences with any Class member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counsel is experienced in handling claims involving consumer actions and violations of California Penal Code §§ 630, *et seq*. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class member. Neither Plaintiff nor Plaintiff's counsel have any interests adverse to those of the other Class members.

### Predominance

65. Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members of the class. The elements of the legal claims brought by Plaintiffs and members of the Classes are capable of proof at trial through evidence that is common to the class rather than individual to its members.

### Superiority

66. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class and Subclass members is impracticable and questions of law and fact common to the Class and Subclass predominate over any questions affecting only individual members of the Class. Even if every individual Class and Subclass

member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts if individual litigation of the numerous cases were to be required.

67.     Individualized litigation also would present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, conducting this action as a class action will present fewer management difficulties, conserve the resources of the parties and the court system, and protect the rights of each Class and Subclass member. Further, it will prevent the very real harm that would be suffered by numerous putative Class and Subclass members who will be unable to enforce individual claims of this size on their own, and by Defendant's competitors, who will be placed at a competitive disadvantage because they chose to obey the law. Plaintiff anticipates no difficulty in the management of this case as a class action.

68.     The prosecution of separate actions by individual Class and Subclass members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to those adjudications, or that would otherwise substantially impair or impede the ability of those non-party Class and Subclass members to protect their interests.

69.     The prosecution of individual actions by Class and Subclass members would establish inconsistent standards of conduct for Defendant.

70.     Defendant has acted or refused to act in ways generally applicable to the Class and Subclass, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the Classes as a whole. Likewise, Defendant's conduct as described above is unlawful, is capable of repetition, and will continue unless restrained and enjoined by the Court.

71.     The Classes may also be certified because:

        (a) the prosecution of separate actions by individual Class members

would create a risk of inconsistent or varying adjudication with respect to individual Class members, which would establish incompatible standards of conduct for Defendant;

(b) the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and,

(c) Defendant acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

72. This suit seeks only damages and injunctive relief for recovery of statutory damages on behalf of Classes and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand the Class and Subclass definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

## FIRST CAUSE OF ACTION

### VIOLATION OF CAL. PENAL CODE SECTION 631

73. Plaintiff repeats and incorporates by reference the allegations set forth above as though fully stated herein.

74. California Penal Code § 631(a) requires a defendant must show that it had consent of all parties to a communication.

75. Plaintiff and the Classes visited websites and were wiretapped by Defendant as they inputted information into webpages equipped with Defendant's Spyware Apparatus, which Defendant intentionally used to access, intercept, read, learn, and/or collect the internet communications of Plaintiff and Class Members in real time and while the communications were in transit.

76.     Said Spyware Apparatus was specifically designed to attempt to learn the contents or meaning of the communications of Plaintiff and the members of the Classes as Defendant was able to record and store personal information on various webpages as it was being inputted.

77.     These communications were secretly intercepted by Defendant without the consent of Plaintiff and the members of the Classes. Defendant did not notify Plaintiff and the members of the Classes that the communications were being intercepted and wiretapped by Defendant.

78.     Plaintiff and the members of the Classes had an objectively reasonable expectation of privacy that their communications were confidential and were not being intercepted. There were no disclosure warnings, or notices on the websites that would lead Plaintiff and the Classes to believe that their communications were being intercepted by Defendant.

79.     Upon information and belief, at all relevant times, Defendant had a uniform policy and practice of systematically accessing, intercepting, reading, learning, and/or collecting the communications inputted by Plaintiff and all of the members of the Classes on each website, including YourVASurvey.info, on which Defendant's Spyware Apparatus was installed.

80.     Upon information and belief, at all relevant times, Defendant had and followed a policy and practice of not advising or warning Plaintiff or Class and Subclass members that their online communications would be wiretapped and intercepted by Defendant.  Because Defendant did not disclose to Plaintiff or Class members that their communications were being wiretapped and intercepted, Defendant did not obtain, and could not have obtained, Plaintiff's or Class and Subclass members' express or implied consent to intercept, monitor, or record those communications.

81.     Defendant's practices of surreptitiously monitoring, intercepting, and recording consumers' confidential communications on the YourVASurvey.info

---

website uniformly and systematically invaded the privacy of every consumer who visited the YourVASurvey.info website, as well as diminished the value of the personally identifiable information that belongs to each of these consumers. Thus, Plaintiff and each Class member suffered an invasion of their privacy and a loss of value in their personally identifiable information as a result of Defendant's monitoring, intercepting, and recording of their confidential communications on the YourVASurvey.info website.

82. Pursuant to California Penal Code § 637.2, Plaintiff and members of the Classes have been injured by the violations of California Penal Code § 631, and each seek damages for the greater of $5,000 or three times the amount of actual damages, as well as injunctive relief.

83. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the Classes seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in California Code of Civil Procedure § 1021.5, or any other statutory basis.

## SECOND CAUSE OF ACTION

### VIOLATION OF CAL. PENAL CODE SECTION 632

84. Plaintiff repeats and incorporates by reference the allegations set forth above as though fully stated herein.

85. Cal. Penal Code section 632 prohibits the intentional recording of a confidential communication without the consent of all parties to the communication.

86. Defendant violated Sections 632 by intentionally using its Spyware Apparatus to record the confidential communications of Plaintiff and other the other members of the Classes without obtaining their consent.

87. Within the applicable statute of limitations, Plaintiff and the Classes, while residing in the State of California, visited websites that contained Defendant's Spyware Apparatus – an electronic recording or eavesdropping device embedded

in the website code – through which Defendant recorded and eavesdropped on the confidential communications of Plaintiff and the Class members, without consent.

88.     Plaintiff and the Classes had an objectively reasonable expectation that their communications were confidential and were not being recorded. This expectation of privacy was heightened because the communications were concerned highly sensitive personal and financial information of the Plaintiff and of the other members of the Classes.

89.     There were no disclosure warnings, or notices on the websites that would lead Plaintiff and the members of the Classes to believe that their communications were being recorded by Defendant.

90.     Upon information and belief, at all relevant times, Defendant had a policy and practice of recording the confidential communications of Plaintiff and the members of the Classes in real time through various website monitoring devices and codes.

91.     Upon information belief, at all relevant times, Defendant had and followed a policy and practice of intentionally and surreptitiously intercepting, monitoring, and recording the confidential communications of Plaintiff and the members of the Classes.

92.     Upon information and belief, at all relevant times, Defendant had and followed a policy and practice of not advising or warning Plaintiff or members of the Classes that their communications would be intercepted, recorded or monitored. Because Defendant did not disclose to Plaintiff or members of the Classes that their calls were being intercepted, monitored, or recorded, Defendant did not obtain, and could not have obtained, the requisite consent of Plaintiff or any Class member to authorize its interception, recording and/or monitoring of those communications.

93.     Defendant's practices of surreptitiously monitoring, intercepting, and recording consumers' confidential communications on the YourVASurvey.info website uniformly and systematically invaded the privacy of every consumer who

visited the YourVASurvey.info website, as well as diminished the value of the personally identifiable information that belongs to each of these consumers. Thus, Plaintiff and each Class member suffered an invasion of their privacy and a loss of value in their personally identifiable information as a result of Defendant's monitoring, intercepting, and recording of their confidential communications on the YourVASurvey.info website.

94.     Pursuant to California Penal Code § 637.2, Plaintiff and the members of the Classes have been injured by the violations of Cal. Penal Code § 632, and each seek damages for the greater of $5,000 or three times the amount of actual damages, as well as injunctive relief.

95.     Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the members of the Classes seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in California Code of Civil Procedure § 1021.5, or any other statutory basis.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and members of the Classes, prays for the following relief:

- An order certifying the Classes and appointing Plaintiff Amanda Hill as representative of the Classes, and appointing counsel for Plaintiff as lead counsel for the Classes;

- An order declaring that the actions of Defendant, as described above, violate California Penal Code § 631;

- An order declaring that the actions of Defendant, as described above, violate California Penal Code § 632;

- A judgment for and award of five thousand dollars ($5,000.00) per violation of California Penal Code §§ 631 and/or 632.7 to Plaintiff and

the members of the Classes, pursuant to, *inter alia*, Cal. Pen. Code § 637.2;

- A judgment for and award of five thousand dollars ($5,000.00) per violation of California Penal Code §§ 632 and/or 632.7 to Plaintiff and the members of the Classes, pursuant to, *inter alia*, Cal. Pen. Code § 637.2;

- Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiff and the Classes full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;

- A permanent injunction enjoining Defendant from engaging in further conduct in violation of California Penal Code § 630, *et seq.*;

- Payment of costs of the suit;

- Payment of attorney's fees under California Code of Civil Procedure § 1021.5;

- An award of pre and post-judgment interest to the extent allowed by law; and,

- Any other further relief that the court may deem just and proper.

## JURY DEMAND

96.     Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: July 3, 2020                    Respectfully submitted,

**HEDIN HALL LLP**

By:   s/ FRANK S. HEDIN
            FRANK S. HEDIN

**HEDIN HALL LLP**
Frank S. Hedin, Esq. (291289)

fhedin@hedinhall.com
David W. Hall, Esq. (274921)
dhall@hedinhall.com
Four Embarcadero Center, Suite 1400
San Francisco, CA 94104
Telephone: (415) 766-3534
Facsimile: (415) 402-0058

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Pamela E. Prescott, Esq. (328243)
pamela@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6806
Facsimile: (800) 520-5523

**KAZEROUNI LAW GROUP, APC**
Jason A. Ibey, Esq. (284607)
jason@kazlg.com
321 N Mall Drive, Suite R108
St. George, Utah 84790
Telephone: (800) 400-6806
Facsimile: (800) 520-5523

ATTORNEYS FOR PLAINTIFF